**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 16-0297-01

VERSUS                                      JUDGE DONALD E. WALTER

DANIEL DAVID GARZA                          MAGISTRATE JUDGE HORNSBY

## <u>MEMORANDUM ORDER</u>

Before the Court is a motion for compassionate release filed pro se by the defendant, Daniel David Garza ("Garza").  <u>See</u> Record Document 135.  The Government filed an opposition to the motion, wherein it argued, <u>inter alia</u>, that Garza has not exhausted his administrative remedies. <u>See</u> Record Document 140. The motion for release is **DENIED** as premature.

The compassionate release statute, as amended by the First Step Act on December 21, 2018, provides, in pertinent part:

(c)  Modification of an imposed term of imprisonment. – The court may not modify a term of imprisonment once it has been imposed except that –

  (1)  in any case –

  (A)  the court, upon motion of Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

    (i) extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A).  The administrative exhaustion provision of the First Step Act is set out in mandatory terms and sets forth no exceptions to the statutory exhaustion requirement.  <u>See</u> <u>United States v. Franco</u>, 973 F.3d 465, 468 (5th Cir. 2020).  Furthermore, Garza bears the burden

of showing that he has exhausted his administrative remedies with the Bureau of Prisons before filing a compassionate release motion.  See United States v. Shepherd, No. 18-27-03, 2023 WL 3067100, at *2 (W.D. La. Apr. 21, 2023) (citing United States v. Van Sickle, No. 18-0250, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020)); United States v. Johnson, No. 03-136, 2021 WL 134531, at *2 (E.D. La. Jan. 14, 2021).

Here, Garza filed a request for home confinement "under the guise of Compassionate Release."  Record Document 135, Ex. A.[1]  "A request for home confinement cannot be held to exhaust a request for compassionate release, since the two forms of relief are analyzed under different criteria and subject to different review processes within the [Bureau of Prisons]."  United States v. Blount, No. 15-143-01, 2020 WL 2892107, at *4 (W.D. La. June 1, 2020).

Applying this statute, this Court finds that Garza's motion is premature at this time.  The Fifth Circuit has clarified that exhaustion of all administrative rights of appeal is a nonjurisdictional claims-processing rule.  See Franco, 973 F.3d at 468.  As the Government has properly raised the issue of exhaustion, this Court does not have discretion to excuse Garza's failure to exhaust his administrative remedies.  See United States v. Koons, 455 F.Supp.3d 285, 288-89 (W.D. La. 2020).  Therefore, the proper course to follow is to allow the established process of the Bureau of Prisons a chance to work.

_____

[1] The exact language of Garza's request is as follows:  "I am seeking an immediate 'home confinement' under the guise of Compassionate Release based upon my conditions. . . ."  Record Document 135, Ex. A.

Accordingly, Garza's motion for compassionate release is **DENIED WITHOUT PREJUDICE** as premature.  Garza may re-urge such motion if he exhausts his administrative remedies and provides proof thereof as required by Section 3582(c)(1)(A).[2]

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 18th day of August, 2023.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[2] Furthermore, although Garza asserts that he is seeking compassionate release, he only appears to seek home confinement as a remedy for his request.  See Record Document 135 at 1, 3-5, 7-13 ("Petitioner, Daniel David Garza, as named recipient to this Cause seeking 'home confinement' under the guise of Title 18 U.S.C. § 3582(c) for 'Compassionate Release'. . . ."). Garza is cautioned that the Court is without authority to consider his request for home confinement.  The decision of whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons.  See 18 U.S.C. § 3621(b); United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118  (D. Kan. 2020) ("While the CARES Act gives the [Bureau of Prisons] broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).  This Court has no authority to order home confinement under the CARES Act.